JAMES LEWIS, PLAINTIFF IN ERROR, V. HENRY OWEN ET AL., DEFENDANTS IN ERROR.

[FILED MAY 2, 1889.]

Contract: STATUTE OF FRAUDS: CONSIDERATION. A petition which states that the defendant was a contractor for the grading of a certain railway; that he had certain employes and sub-contractors under him engaged in the grading who furnished their own teams; that he verbally employed the plaintiff to care for and furnish "all medical treatment and medical and surgical service and medicine which the plaintiff might render to said horses and mules" of the said parties; that in pursuance of said contract the plaintiff rendered certain services and furnished certain medicine for the horses and mules of the said parties which amounted to $49.50, an itemized copy of the account being set out in the petition, and it being claimed that there is due from the defendants to the plaintiff the sum above specified; *Held:* 1. That if the allegations of the petition are true, the promise was direct to pay for the services, if rendered. 2. If the services were rendered in pursuance of the promise, there was sufficient consideration.

ERROR to the district court for Greeley county. Tried below before TIFFANY, J.

*H. G. Bell,* and *T. J. Doyle,* for plaintiff in error, cited: *Maurin v. Fogelberg,* 32 N. W. Rep. 858; *Fitzgerald v. Morrissey,* 14 Neb. 199; *Sutherland v. Carter,* 17 N. W. Rep. 780.

*Paul & Templin,* for defendant in error, cited: 7 Wait's Ac. and Def., 13, sec. 9, pp. 14 to 18, inclusive; *Laidlou v. Hatch,* 75 Ill. 11; *Morrissey v. Kinsey,* 16 Neb. 17.

MAXWELL, J.

This action was brought by the plaintiff against the defendants to recover for services, etc., rendered to certain par-

ties, it is alleged, at the defendants' request. A demurrer to the petition was sustained in the court below, and the action dismissed. The question presented is the sufficiency of the petition. It is as follows, omitting the formal parts and the account.

"Plaintiff complaining of defendants says: that said defendants are justly indebted to him in the sum of $48.50; and for cause of action says that heretofore, to wit, on the ...... day of July, 1887, said defendants were engaged in making and grading a portion of the road-bed of the Lincoln & Black Hills railroad in Greeley county, Nebraska, as contractors, and that said defendants at said time had in their employ, as grade hands working on said grade, the following-named persons, to wit: Lewis Blackwell, J. B. Tracy, E. E. Holbrock, T. J. Woods, and John Woods, which last two named parties were so working and carrying on said work and business under the firm name of T. J. Woods & Son; that all the aforesaid parties, while working on said grade for said defendants, furnished respectively their own stock for carrying on said work, to wit, horses and mules.

"2. That said defendants at said time, with the view and for the purpose of procuring medical treatment for the horses and mules of said parties while in their (defendants') employ, and of keeping said horses and mules in a better condition than they otherwise would be for performing said work, and thus enable defendants to expedite the completion of the same, entered into a verbal contract with plaintiff by the terms of which said contract said defendants covenanted and agreed to and with plaintiff to pay plaintiff for any and all medical treatment and medical and surgical service and medicine which he, plaintiff, might render to said horses and mules of the aforesaid parties; and defendants at said time requested plaintiff to procure an order from T. J. Woods & Son, on them, defendants, in their firm name, for all medicine furnished and medical and surgical treatment

rendered for the horses and mules of said T. J. Woods & Son, and they, defendants, would pay said order when presented to them by plaintiff.

"3. That in pursuance of said contract, and in strict conformity to the terms thereof, plaintiff did, at the dates hereinafter mentioned, furnish the following items of medicine, and render the following medical and surgical treatment, to said horses and mules for and on account of said defendants."

An itemized copy of the account is set out in the petition, also an order from T. J. Woods & Son on the defendant for $37.50 for "doctoring horses and mules, and medicines furnished same, for T. J. Woods & Son," etc.; and it is alleged that there is due from the defendants to plaintiff thereon a specified sum, for which the plaintiff prays judgment.

The petition evidently states a cause of action. If the allegations thereof are true, the defendants, who were contractors in the grading of a certain railroad, had certain employes or subcontractors under them who furnished their own teams in doing the work; that the defendants thereupon employed the plaintiff to render certain services in the care of and promoting the efficiency of the teams of such employes and subcontractors; that thereupon the plaintiff rendered the services requested, which were of the value of $49.50.

In the brief of the defendants in error it is said that there is a want of consideration for the contract, and we are inferentially told that there was no motive for the defendants to enter into such contract. The motive, no doubt, was the early completion of the grading, which the defendants probably supposed would be more rapidly done if the teams were kept in good condition. The motive, however, would not be material if the defendants employed the plaintiff to render the service sued for and promised to pay for the same; and that in pursuance of such employment he did render the

services. In such case there would be sufficient consideration to support the promise.

The defendants in error have filed a transcript of the proceedings before the justice, and claim that the demurrer reaches those proceedings as well as the petition, and that there is a variance between the action as originally commenced and the petition in this case. If this were true it could not be reached by a general demurrer; but there does not seem to be any material variance between the original action and the petition herein. The petition, while not as formal in some respects as could be desired, yet contains sufficient to show a liability of the defendants to the plaintiff. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other Judges concur.